UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RICHARD L JEAN,**

    **Plaintiff,**

v.                                                                     Case No: 5:22-cv-578-JA-PRL

**MARION COUNTY COURTS,**
**MARION COUNTY SHERIFFS**
**DEPARTMENT and MARION**
**COUNTY REAL ESTATE**
**ORGANIZATION,**

    **Defendants.**

## ORDER

Plaintiff, Richard L. Jean, who is proceeding *pro se*, filed this purported civil rights action under 42 U.S.C. § 1983 against four Defendants—Marion County Courts, Marion County Sheriffs Department (presumably intended to be the Marion County Sherriff's Office), Marion County Real Estate Organization, and Wells Fargo. Plaintiff seeks to proceed *in forma pauperis* (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed *in forma pauperis* will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the Complaint.

**I.  LEGAL STANDARDS**

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it "is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from

such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

## II. DISCUSSION

A very liberal reading of the Complaint suggests that Plaintiff is attempting to bring claims under § 1983, asserting that the Marion County Courts, Marion County Sheriff's Office, Marion County Real Estate Organization, and Wells Fargo have all deprived him of rights under the color of law. The Compliant, however, is deficient.

First, Plaintiff's Complaint fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. It does not contain a short plain statement of the claims showing that he is entitled to relief as required by Rule 8. For example, while the Plaintiff uses a standard form for a pro se civil rights complaint, the Court is unable to discern what his claim is for. In the section asking him to state what "federal constitutional or statutory right" he claims was violated, he confusingly writes: "Theft 145,000 Bank theft 3000.00."

Relatedly, Plaintiff has failed to allege any facts to support his contention that the defendants acted in violation of law. For example, when asked to report the constitutional right he claims was violated, he states, in one convoluted sentence: "Right to fair trial obstruction of justice many Hate Crimes Being in extreme pain this is as good as I can do If I could speak to FBI it would Be extremely helpful and appreciated." Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dep't of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007). Based on what is plead, the Court cannot determine what law, if any, was purportedly violated or how. Indeed, in addition to the above, he also discusses

"discrimination due to disability law" and has a general discussion about an apparent real estate transaction.

Second, Plaintiff's claims against Marion County Courts and Marion County Sheriff's Office are improper because these Defendants are not proper parties to this proceeding. *See Brown v. Jones*, No. 4:16cv777-RH/CAS, 2017 WL 2783988 (N.D. Fla. June 26, 2017) (determining that the Florida Fifth District Court of Appeal and Circuit Court for the Ninth Judicial Circuit are not suable entities under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (agreeing Sheriff's department was not a legal entity, and thus not subject to suit or § 1983 liability); *Spry v. Turner*, No. 8:11-cv-531-T-33TGW, 2011 WL 940343 (M.D. Fla. Mar. 17, 2011) (finding Polk County Sherriff's Department was not suable entity since "no provision is made constitutionally or statutorily for a 'Sheriff's Department' as a separate legal entity, as an agency of the county, or as a corporate entity, nor is a Sheriff's Department given authority to be sued in such a name.") (citations omitted). Here, under Florida law, the Sheriff's Office is not a separate legal entity capable of suing and being sued. *Papa v. City of N. Miami Beach*, No. 06-61833-C.V., 2007 WL 9701041, at *3 (S.D. Fla. Apr. 2, 2007) (when fulfilling policing functions, "Police Dept[artment] does not have the capacity to be sued and dismissal with prejudice is the appropriate result."). Likewise, Marion County Courts is not subject to suit as it has Eleventh Amendment immunity. *Brown*, 2017 WL 2783988, at *1.

Third, Plaintiff's claims under § 1983 against Wells Fargo and the Marion County Real Estate Organization appear improper,[1] as the Complaint lacks any facts that would

---

[1] It is unclear whether "the Marion County Real Estate Organization" is an entity that even exists, and if so, whether it is a private or public entity. The Court is unable to identify any public entity named this. Thus, for purposes of this report and recommendation, it is treated as a private entity.

indicate government action in their conduct.[2] To state a claim under § 1983, the defendant must have acted under color of state law. *Carson v. Wells Fargo Bank, N.A.*, No. 8:10-CV-2362-T17-EAJ, 2011 WL 2470099, at *2 (M.D. Fla. June 20, 2011) (dismissing with prejudice § 1983 claim against Wells Fargo where complaint lacked indication of government coercion or participation in filing foreclosure action) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). "[P]rivate parties are considered state actors only when they perform a public function, are coerced by the government, or are in such 'a position of interdependence with [the State] that [the State] was a joint participant in the enterprise.'" *Carson*, 2011 WL 247099, at *2 (citing *Nat'l Broad. Co. v. Commc'n Workers of Am., AFL–CIO*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). No such facts are alleged here.

While the Plaintiff has failed to state any claims against these defendants, out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the bases for his claims. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.   CONCLUSION

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 7) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **January 5, 2023,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained

---

[2] Notably, the Complaint fails to allege any facts relating to either entity or their conduct.

in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

Recommended in Ocala, Florida on December 6, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy